**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LIVINGWELL MEDICAL CLINIC, INC.; PREGNANCY CARE CENTER OF THE NORTH COAST, INC.; CONFIDENCE PREGNANCY CENTER, INC.,

         *Plaintiffs-Appellants*,

v.

XAVIER BECERRA,[*] Attorney General, Attorney General of the State of California, in his official capacity; KAREN SMITH, M.D., Director of California Department of Public Health, in her official capacity; MICHAEL GEORGE COLANTUONO, City Attorney of Grass Valley, California, in his official capacity; ALISON BARRAT-GREEN, County Counsel of Nevada County, California, in her official capacity; CINDY DAY-WILSON, City Attorney of Eureka, California, in her official capacity; JEFFREY S. BLANCK, County Counsel of Humboldt County, California, in his official capacity; CHRISTOPHER A.

No. 15-17497

D.C. No.
4:15-cv-04939-JSW

ORDER

CALLIHAN, City Attorney of Salinas, California, in his official capacity; CHARLES J. MCKEE, County Counsel of Monterey County, California, in his official capacity,

*Defendants-Appellees.*

On Remand from the Supreme Court of the United States

Filed April 28, 2018

Before: Dorothy W. Nelson, A. Wallace Tashima, and John B. Owens, Circuit Judges.

## SUMMARY[**]

### Preliminary Injunction / First Amendment

On remand from the United States Supreme Court, the panel reversed in part, vacated in part, and remanded to the district court for further proceedings in light of *National Institute of Family and Life Advocates v. Becerra ("NIFLA")*, 138 S. Ct. 2361 (2018).

[*] Xavier Becerra has been substituted for his predecessor, Kamala D. Harris, as Attorney General for the State of California under Fed. R. App. P. 43(c)(2).

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In *NIFLA*, the Supreme Court concluded that the plaintiffs were "likely to succeed on the merits of their [free speech] challenge to the licensed notice [requirement in the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act]." 138 S. Ct. at 2376. The panel held that the same provision was at issue in this case, and reversed the district court's conclusion that plaintiffs were not likely to succeed on the merits of their First Amendment free speech claim.

The panel vacated the district court's order on the three remaining preliminary injunction *Winter* factors, and remanded for the district court to reconsider them in light of *NIFLA*.

---

### ORDER

This case is back before us on remand from the United States Supreme Court. *See LivingWell Med. Clinic, Inc. v. Becerra*, 2018 WL 3148265 (U.S. June 28, 2018). In light of *National Institute of Family and Life Advocates ("NIFLA") v. Becerra*, 138 S. Ct. 2361 (2018), we **reverse in part**, **vacate in part**, and **remand** this case to the district court for further proceedings.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). A "plaintiff [must] make a showing on *all four prongs*" to obtain a preliminary injunction. *Alliance*

*for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (emphasis added); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (stating that a plaintiff "must show" all four factors before an injunction may issue (citation and internal quotation marks omitted)).

In *NIFLA*, the Supreme Court concluded that the plaintiffs were "likely to succeed on the merits of their [free speech] challenge to the licensed notice [requirement in the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act]." 138 S. Ct. at 2376. The same provision is at issue here. *See LivingWell Med. Clinic*, 2018 WL 3148265, at \*1. We therefore **reverse** the district court's conclusion that LivingWell Medical Clinic, Inc., Pregnancy Care Center of the North Coast, Inc., and Confidence Pregnancy Center, Inc. ("Plaintiffs") were not likely to succeed on the merits of their free speech claim.

The district court further premised its analysis of the other three *Winter* factors on its conclusion that Plaintiffs' First Amendment claim was not likely to succeed. We therefore **vacate** the district court's order on the three remaining *Winter* factors and **remand** for the district court to consider them again in light of *NIFLA*.

Plaintiffs-Appellants shall recover their costs on appeal from Defendants-Appellees.

**REVERSED in part, VACATED in part, and REMANDED.**